

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS



ATTORNEY GENERAL

Honorable L. Morgan Williams
District Attorney
Jourdanton, Texas

Dear Sir:

Opinion No. 0-2888
Re: The filing of complaints
where several offenses arise
out of one transaction.

Your request for opinion has been received and carefully
considered by this department. We quote from your request as follows:

"I have been requested to write to your department for
a ruling on the following matter:

"In a county which operates under the fee basis, what
is the test as to how many complaints can be filed against a
defendant for acts constituting various violations of the
criminal law. In other words, where a party, for illustration,
is drunk, disturbs the peace and fights, can three complaints
be filed against the defendant, and upon conviction in one case,
will such conviction be a bar to the prosecution of the remaining
cases. All acts growing out of the same transaction.

"In this connection, Vol. 4, Texas Jurisprudence, page 891,
§ 50, it is held: 'Of course, when the previous conviction was
for an entirely separate and distinct offense, such as affray,
it is no bar whatever to a subsequent prosecution for assault.'
Citing, McCraw vs. State, 73 Texas Criminal Reports 45, and
Decker vs. State, 58 Criminal Reports 159.

"Also, '....where the defendant has been acquitted of the
charge of unlawfully carrying brass knucks, and is then
prosecuted for an assault with such weapons.' Citing Chisom
vs. State, 77 Crim. Rep. 397.

"Vol. 12, Tex. Jur., page 566, § 246, lays down the
following rule, 'One may be convicted for running a bawdy
house, and also for vagrancy, because the transactions are
not identical in point of time.' Also, 'the playing of the
game of dice is a continuous offense, each bet is distinct
and separate violation of the law and a conviction of one
offense does not bar a trial for another.' Citing, Parks
vs. State, 123 S.W. 1109.

"It is my opinion that the test as to the number of cases that may be prosecuted against a defendant depends upon whether or not the points of time are identical or whether a continuous transaction, and the facts in each case must be disclosed."

Sections 241, 242, 245, and 246, pages 560-561-562-565-566-567, 12 Texas Jurisprudence, read as follows:

"241. Several Offenses Arising Out of One Transaction. - The same transaction may constitute several distinct and separate offenses, in which case the defendant may be separately prosecuted and punished for each, and a conviction or acquittal for one will not constitute a bar to a trial for the others. And the fact that two distinct offenses are committed contemporaneously, or that one is committed in aid of the other, does not make them any the less distinct. Thus if the accused slays two persons with the intent or volition to kill both they are separate offenses although occurring at the same time, and a conviction or acquittal for one offense does not bar a prosecution for the other; an assault with intent to murder and carrying a pistol unlawfully are different offenses, though growing out of the same transaction; and a conviction on a charge of driving an automobile without lights does not bar a prosecution for transporting liquor in the automobile, though the defedant put out his lights to aid in concealing his transportation of the liquor. Further illustrations will be found in the articles dealing with specific crimes.

"242. Prosecution for Part of Single Crime. - The State may not split up one crime and prosecute it in parts, and a prosecution for any part of a single crime bars any further prosecution for the whole or a part of the same crime. Where the act charged constitutes but one crime, though it is divisible into different parts or degrees, the state may cut or carve out of it but one offense, and having prosecuted and convicted the defendant of this offense, may not prosecute further the transaction out of which the offense was carved. As large an offense may be carved out of the transaction as possible, yet the state may cut only one. So where several articles of property are stolen at the same time and place a conviction for stealing part of them will bar a subsequent prosecution for stealing any of the other articles. This doctrine of carving applies with more force to a former conviction than to an acquittal.

"245. Where Several Offenses are Charged or Proved. - Where a defendant has been tried on several counts and convicted under one he is thereby acquitted of the others,

and may not later be tried upon the ones for which he was
so acquitted. Thus where there are several counts in an indict-
ment and only one is submitted to the jury, this amounts to
an acquittal upon the abandoned counts, and the defendant may
not upon a subsequent trial be prosecuted on the abandoned counts.
Moreover, where two or more similar but separate acts constitu-
ting separate offenses are placed in evidence under an indict-
ment or information under which a conviction of either offense
can be had, and neither the state nor the court elects one
particular act on which conviction is sought, a plea of former
conviction will be good upon a subsequent prosecution based on
any of the acts or offenses proved, it being uncertain for
which one the conviction was had. But the rule is otherwise
where an election is made and the jury restricted to one
particular act.

"246. Continuous Offenses. - Where an offense is a
continuous one, a conviction bars all further or other
prosecutions up to the time of the conviction, unless the
indictment or information carves out the time of the
commission of the offense, and the evidence, as well as the
pleading, is confined to the time so carved out. The trans-
action is a continuous one where there is one design, one
impulse, and one purpose upon the part of the accused; but is
not continuous if it consists of a single act, or a series
of acts, or where, in order to consummate it, an interval of
time is required. Thus one may be convicted for running a
bawdy-house and also for vagrancy because the transactions
are not identical in point of time. And while the playing
of the game of dice is a continuous offense, each bet is
a distinct and separate violation of the law, and a conviction
of one offense does not bar a trial for another. But one
conviction for the statutory offense of opening places of
business on Sunday is a bar to prosecutions for opening at
other times on the same day; in order for the state to carve
prosecutions in cases of this character, the statute must
prescribe or the legislative intent must be clear that it
was the purpose to make each act or performance punishable."

Opinion No. O-71 of this department holds that where the
same transaction may constitute several distinct and separate offenses,
the defendant may be separately prosecuted for each and a fee may
be collected in each case. The opinion also holds that where the
act charged constitutes but one crime, though it is divisible into
different parts or degrees, the State may cut or carve out of it
but one offense and, having prosecuted and convicted the defendant
of this offense, the State may not prosecute further the transaction
or act out of which the offense was carved. We enclose herewith
a copy of said opinion.

The illustration contained in your letter where a party is drunk (in a public place we assume), disturbs the peace and fights, is apparently covered by the following articles of our Texas Penal Code, to-wit:

Article 473, Vernon's Annotated Texas Penal Code:

"If any two or more persons shall fight together in a public place they shall be fined not exceeding one hundred dollars."

Article 474, Vernon's Annotated Texas Penal Code:

"Whoever shall go into or near any public place or into or near any private house and shall use loud and vociferous, or obscene, vulgar, or indecent language or swear or curse, or yell or shriek, or expose his person, or rudely display any pistol or other deadly weapon, in a manner calculated to disturb the inhabitants of such place or house, shall be fined not to exceed one hundred dollars."

Article 475, Vernon's Annotated Texas Penal Code:

"A 'public place,' as used in the two preceding articles, is any public road, street or alley of a town or city, or any store or work shop or any place at which people are assembled or to which people commonly resort for purposes of business, amusement or other lawful purpose."

Article 477, Vernon's Annotated Texas Penal Code:

"Whoever shall get drunk or be found in a state of intoxication in any public place, or at any private house except his own, shall be fined not exceeding one hundred dollars."

You are respectfully advised that it is the opinion of this department:

1. That where the same transaction may constitute several distinct and separate offenses, the defendant may be separately prosecuted (under separate indictment or complaints) and punished for each and a fee may be collected in each case.

2. That the offenses of affray (denounced by Article 473, V.A.T.P.C., supra) disturbance (denounced by Article 474, V.A.T.P.C., supra) and public drunkeness (denounced by Article 477, V.A.T.P.C., supra) given in your illustration, are separate and distinct criminal offenses in law, and may be separately prosecuted under separate complaints and legal convictions had thereon even though arising out of and in the same transaction.

3. That where the act charged constitutes but one crime, though it is divisible into different parts or degrees, the state may cut or carve out of it but one offense and, having prosecuted and convicted the defendant of this offense, the state may not prosecute further the transaction or act out of which the offense was carved.

4. That where an offense is a continuous one, (such as keeping a disorderly house - See Novey vs. State, 138 SW 139) a conviction bars all further or other prosecutions up to the time of conviction, unless the indictment or information carves out the time of the commission of the offense, and the evidence, as well as the pleading, is confined to the time so carved out.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW-ds

APPROVED NOV 20, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE
BY /s/ B.W.B.
CHAIRMAN